[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15272
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-14037-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATIVIDAD ORTEGA-GILES,
a.k.a. Natividad Giles Ortega,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2015)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty to reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1), Natividad Ortega-Giles appeals his 57-month sentence, imposed at the low end of the advisory guidelines range of 57 to 71 months.  On appeal, Ortega-Giles argues that his sentence is procedurally unreasonable because the district court failed to consider and address his argument for a downward variance based on his cultural assimilation or explain its rejection of his variance request.  After review, we affirm.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process."  United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010). We look first at whether the district court committed any significant procedural error, such as failing to explain adequately the chosen sentence, and then examine whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must "adequately explain the chosen sentence to allow for meaningful appellate review . . . ."  United States v. Livesay, 525 F.3d 1081, 1090

---

[1]Ortega-Giles does not contend his 57-month sentence is substantively unreasonable. Further, the only challenge he makes with respect to procedural reasonableness is to the sufficiency of the district court's explanation of the sentence.

(11th Cir. 2008) (quotation marks omitted); see also 18 U.S.C. § 3553(c) (requiring the district court, at the time of sentencing, to state in open court the reasons for its imposition of a particular sentence).[2]  "[T]he sentencing [court] should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotation marks omitted).

Although the district court must consider the § 3553(a) factors, it need not discuss each factor on the record and an acknowledgement that the court has considered the factors generally will suffice.  See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).  Furthermore, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require a lengthy explanation.  Circumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence . . . ." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." Id. at 357, 127 S. Ct. at 2468.  Nonetheless, how much explanation is needed depends on the

_____

[2]We review de novo whether the district court sufficiently explained its chosen sentence under 18 U.S.C. § 3553(c).  United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006).

circumstances of the case and "[t]he law leaves much, in this respect, to the judge's own professional judgment." Id. at 356, 127 S. Ct. at 2468 (accepting as "legally sufficient" a district court's explanation where the district court, after listening to the defendant's arguments for a downward variance, said merely that the original guidelines range was not "inappropriate" and that the lowest sentence within the guidelines range was "appropriate").

Ortega-Giles has not shown that his sentence is procedurally unreasonable. The district court listened to extensive argument from both parties as to whether the § 3553(a) factors supported a downward variance based on Ortega-Giles's cultural assimilation in the United States.[3]  Specifically, Defendant Ortega-Giles argued that: (1) he had grown up in the United States from the age of three and was fluent in English; (2) most of his family lived in the United States; (3) his criminal history was less serious than it appeared, consisting mostly of minor traffic-related offenses that were committed when he was "young and just being stupid"; and (4) his offenses committed after illegally re-entering the United States also involved misdemeanor traffic-related charges, including driving under the influence, racing on highways, and driving without a valid license.

---

[3]Although the parties, in making arguments for and against a below-guidelines sentence, referred to the factors for imposing a downward departure under U.S.S.G. § 2L1.1, it is clear from the record that what Ortega-Giles sought, and was denied, was a downward variance from the correctly calculated guidelines range based on the § 3553(a) factors (in particular the history and characteristics of the defendant), rather than a downward departure under § 2L1.1. See United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009).

4

The government, on the other hand, pointed out that: (1) Ortega-Giles's 2007 felony cocaine trafficking offenses, which resulted in his 2011 deportation, were very serious; (2) after returning to the United States, he resumed his criminal activity, which, while not drug-related, was also serious; and (3) his other, less-serious offenses showed a pattern of disregard for the system, all of which indicated that a guidelines sentence was appropriate to deter Ortega-Giles from returning to the United States and committing more crimes here.

After hearing the pros and cons and allowing Ortega-Giles to address the court personally, the district court stated that it had considered the statements and arguments of counsel, the defendant's cultural assimilation argument, the defendant's statement to the court, the presentence investigation report, which included the advisory guidelines, and the § 3553(a) factors and imposed a 57-month guidelines sentence.

The district court's explanation for the chosen sentence is legally sufficient under Rita. Contrary to Ortega-Giles's claims, Rita does not require a district court in every instance to explain why it has denied a defendant's request for a downward variance. Ortega-Giles's request for a variance was "conceptually simple" and the record is sufficiently clear as to the reasoning that underpinned the district court's decision. See Rita, 551 U.S. at 358-59, 127 S. Ct. at 2469. The district court's acknowledgment of Ortega-Giles's cultural assimilation argument

5

indicates that the district court heard and rejected that argument and agreed with the government's position.

For these reasons, the district court adequately explained its reasons for imposing a 57-month sentence, and Ortega-Giles has not shown his sentence is procedurally unreasonable.

**AFFIRMED.**